**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

| | |
|---|---|
| ELIER PON GONZALEZ, <br><br> Plaintiff, <br><br> vs. <br><br> FAMILY DOLLAR STORES OF FLORIDA, LLC d/b/a FAMILY DOLLAR, <br><br> Defendant. | Case No. <br><br><br> (Removal from: Eleventh Judicial Circuit in and for Miami-Dade County, Florida) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant FAMILY DOLLAR STORES OF FLORIDA, LLC ("Family Dollar" or "Defendant") gives notice that this matter is removed from the Eleventh Circuit Court in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, Miami-Dade Division. In support of this Notice of Removal, Defendant states as follows:

**I.    State Court Complaint and Grounds for Removal**

1. On April 19, 2019, Plaintiff Elier Pon Gonzalez ("Plaintiff" or "Gonzalez") filed a complaint against Family Dollar in the Circuit Court of the Eleventh Judicial District in and for Miami-Dade County, Florida, Case No. 2019-009402-CA-01 ("Complaint").

2. In the Complaint, Plaintiff sets four counts alleging discriminatory treatment and retaliation under the Florida Civil Rights Act, Florida Statutes, Chapter 760 *et seq.* ("FCRA") and the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA").

3. Family Dollar was served on April 26, 2019 with a Summons and a copy of the Complaint, by personal service on its registered agent.

4. A defendant may remove an action to a federal court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

5. In this case, removal is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 based on federal question and diversity jurisdiction. Family Dollar has also satisfied the procedural requirements for removal.

6. In accordance with 28 U.S.C. § 1446(a) and the Local Rules of the Southern District of Florida, a copy of the Civil Cover Sheet is attached as Exhibit A, a copy of the Complaint is attached as Exhibit B, copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the state court action are attached as Exhibit C, and, a copy of the state court docket is attached as Exhibit D. No motions remain pending in state court.

## II. Grounds for Removal

### A. Federal Question

7. Removal is proper pursuant to 28 U.S.C. §§ 1331 and 1446 because this court has original jurisdiction over Plaintiff's ADA claims which arise under the laws of the United States.

8. This court has supplemental jurisdiction over Plaintiff's remaining claims under the FCRA which are part of the same case or controversy. 28 U.S.C. §§ 1367(a), 1441.

### B. Diversity Jurisdiction

9. Removal is also proper based on diversity jurisdiction. District courts have original jurisdiction over any action where the amount in controversy exceeds $75,000 and the parties are diverse. 28 U.S.C. § 1332.

#### 1. *There is Complete Diversity of Citizenship Between The Parties*

10. Plaintiff, an individual, is, and was at the time of filing this action, a citizen/resident of the State of Florida.

11. Family Dollar is, and was at the time Plaintiff commenced this action, a foreign company duly organized as a limited liability company under the law of the Commonwealth of Virginia. *See* Exhibit E, which is an Affidavit of Citizenship recently filed by Family Dollar in Case No. 3:18-cv-1257-J-34PDB.

12. For purposes of diversity of citizenship, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).

13. The individual members of Family Dollar are all citizens/residents of North Carolina or Virginia. None of the individual members are Florida citizens. *See* Exhibit E. Thus, Family Dollar is a citizen of the states of North Carolina and Virginia.

14. Because Plaintiff is a citizen/resident of Florida, and Family Dollar is a citizen/resident of North Carolina and Virginia, there is complete diversity among the parties.

   **2.   *The Amount-in-Controversy Exceeds $75,000***

15. As set forth below, the amount of the relief sought by Plaintiff in this litigation exceeds the minimum $75,000 threshold under 28 U.S.C. § 1332(a). *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Pretka*, 608 F.3d at 751) (the amount in controversy is not the amount the plaintiffs are likely to recover, but rather "'an estimate of the amount that will be put at issue in the course of the litigation.'") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

16. Plaintiff's Complaint sets forth four counts alleging discriminatory treatment and retaliation under the ADA and the FCRA. Plaintiff alleges that he has suffered and continues to suffer "irreparable injury" and "compensable damages," including back pay, benefits'

adjustments, prejudgment interest, compensatory damages, front pay, punitive damages, and attorneys' fees.

17. The $75,000 amount in controversy requirement is met if the defendant can show by a preponderance of the evidence, that it is more likely than not that Plaintiff's claims meet the amount in controversy requirement. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) ("if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint").

18. In determining whether the case is removable, the district court may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Roe*, 613 F.3d at 1061-62.

19. In this case, on March 27, 2019, Plaintiff demanded $170,425 for settlement of this matter. This amount includes damages for lost wages and benefits, compensatory damages, front pay, liquidated or punitive damages, and attorneys' fees and costs.

20. Additionally, as demonstrated below, the cumulative amount of the relief sought by Plaintiff at the time of trial is **$255,846** (wage-related damages of $90,846, compensatory damages of at least $25,000, punitive damages of $100,000, and attorneys' fees of $40,000).

### Wage-Related Damages

21. *First*, Plaintiff seeks wage-related damages, including back pay, front pay, prejudgment interest, and a benefits' adjustment.

22. Both back pay and front pay are authorized under the FCRA, Fla. Stat. § 760.11, and the amounts of back pay and front pay are considered when calculating the amount in

4

controversy. *See Booker v. Doyon Sec. Services, LLC*, 16-24146-CIV, 2017 WL 5202682, at *2 (S.D. Fla. Jan. 20, 2017).

23. Back pay is calculated from the date of the adverse employment action to the date of judgment. *See Cashman v. Host Intern., Inc.*, 8:10-CV-1197-T-30MAP, 2010 WL 4659399, at *4 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation"); *Messina v. Chanel, Inc.*, 10-24518-CIV, 2011 WL 2610521 (S.D. Fla. Jul. 1, 2011) (holding it appropriate to calculate lost wages from time of termination through trial date in determining the jurisdictional minimum); *Destefano v. Home Shopping Network, Inc.*, 2006 WL 539542 * 1 (M.D. Fla. 2006) (annual salary from date of termination through trial established jurisdictional minimum); *Destel v. McRoberts Protective Agency, Inc.*, 03-62067-CIV., 2004 WL 746293, at *4 (S.D. Fla. Feb. 17, 2004).

24. Plaintiff was an assistant manager earning an average weekly wage of $309.00 per week. Plaintiff is seeking renumeration for approximately 121 weeks of wages, 95 weeks between the time he left work at the end of June 2017 and the filing of his complaint, plus about 26 weeks until the time of trial. *See* S.D. Fla. Local Rule 16.1(a)(2) (discussing case management tracks). This means that Plaintiff has potential lost wages (back pay) of $37,389.

25. Plaintiff also seeks front pay of $16,068, liquidated damages of $37,389, plus benefits and prejudgment interest, for a total of at least **$90,846** in wage-related damages. This amount alone exceeds the minimum $75,000 amount in controversy requirement.

## Compensatory Damages

26. *Second*, Plaintiff also seeks compensatory damages of at least $25,000 for mental anguish, personal suffering, loss of enjoyment of life, emotional distress, pain and suffering, and loss

5

of dignity damages.

27. Awards of compensatory damages are uncapped under the FCRA and they include a variety of intangible, non-economic losses, such as those sought by Plaintiff. *See* Fla. Stat. § 760.11(5). Plaintiff's request for compensatory damages in an FCRA claim should also be considered when calculating the amount in controversy. *See Bartley v. Starwood Hotel & Resorts Worldwide, Inc.,* No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (noting that general allegations of pain, mental anguish, and loss of enjoyment of life puts defendant on notice that jurisdiction minimum is satisfied).

### Punitive Damages

28. *Third*, Plaintiff seeks punitive damages under the FCRA, which allows an award up to $100,000 in punitive damages.

29. When determining the jurisdictional amount in controversy in diversity cases under the FCRA, punitive damages "must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered." *Booker v. Doyon Sec. Services, LLC*, 16-24146-CIV, 2017 WL 5202682, at *3 (S.D. Fla. Jan. 20, 2017); *see also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1943); *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987).

30. Plaintiff has not indicated that he seeks less than the maximum amount allowed for punitive damages under law; thus, his request for punitive damages alone, in the amount of $100,000, is sufficient to satisfy the requisite amount in controversy. *See Booker*, 2017 WL 5202682 at *3 ("nothing in the Complaint or Plaintiff's Motion for Remand indicates that she is seeking anything less than the maximum authorized amount. Thus, based on punitive damages alone, the amount in controversy exceeds $75,000").

**Attorneys' Fees**

31. *Fourth*, Plaintiff also seeks an award of his attorneys' fees under the FCRA.

32. A reasonable estimate of such fees is also included in assessing the amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."); *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1079 (11th Cir. 2000). *See also Booker*, 2017 WL 5202682 at *3 (stating that the FCRA "authorizes an award of reasonable attorney's fees 'consistent with federal law involving a Title VII action'" and that "[a]ttorneys' fees alone could approach the jurisdictional threshold in a Title VII case").

33. Further, the Court can take judicial notice of the fees sought in similar employment cases in the Southern District. *See e.g. Alshakanbeh v. Food Lion,* No. 3:06-cv-1094, 2007 WL 917354, at *2 (M.D. Fla. March 23, 2007) (finding estimate of $40,000 for attorney's fees in employment discrimination case was "conservative").

34. Accordingly, it is reasonable to assume that if Plaintiff were to be awarded attorney's fees in this matter the minimum amount of any such award would be at least $40,000. (Indeed, in his demand, Plaintiff claimed that he had already incurred $20,000 in attorneys' fees before the Complaint was filed.)

35. Based on the above, though Plaintiff's claims are vigorously contested, the cumulative amount of the relief sought by Plaintiff is at least **$255,846** (wage-related damages of $90,846, compensatory damages of at least $25,000, punitive damages of $100,000, and attorneys' fees of $40,000). Thus, the relief sought by Plaintiff exceeds the $75,000 amount in controversy requirement.

### III. Procedural Matters

36. Removal is proper because Family Dollar has satisfied all other requirements for removal

37. Removal is timely. In accordance with 28 U.S.C. § 1446(b), this notice of removal is timely filed within 30 days of the date Plaintiff's Complaint was served (April 26, 2019). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

38. Venue is proper because the circuit court of the Eleventh Judicial District in and for Miami-Dade County, where the state court action has been pending, is a state court located within the Southern District of Florida. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 89(c).

39. Further, Family Dollar (the only Defendant) consents to removal. *See* 28 U.S.C. § 1446(b)(2).

40. By filing this Notice of Removal, Family Dollar expressly reserves, and does not waive, its right to compel arbitration and move for a stay pursuant to the employment agreement. Family Dollar also reserves, and does not waive, any and all defenses that may be available, including those related to personal jurisdiction, lack of standing, and failure to state a cause of action.

41. If any question arises as to propriety of removal to this Court, Defendant Family Dollar requests the opportunity to present evidence and argument in support of its position that this case has been properly removed. Family Dollar also reserves the right to amend or supplement this Notice of Removal.

42. In accordance with 28 U.S.C. § 1446(d), a Notice of Filing a Notice of Removal and a copy of this Notice of Removal will be promptly filed with the Circuit Court and served. The Notice of Filing Notice of Removal will then promptly be filed with this Court.

43. Based upon the foregoing, Family Dollar is entitled to remove this action to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

WHEREFORE, Family Dollar serves Notice that this action has been removed to the United States District Court for the Southern District of Florida, Miami-Dade Division.

Respectfully submitted by:

*Counsel for Family Dollar Stores of Florida, LLC*

CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Telephone:  (305) 377-0700
Facsimile:   (305) 377-3001

By:  /s/Shannon P. McKenna
  Spencer H. Silverglate
  Florida Bar No. 769223
  ssilverglate@cspalaw.com
  mpedraza@cspalaw.com
  Shannon P. McKenna
  Florida Bar No. 385158
  smckenna@cspalaw.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct of the foregoing was electronically filed on May 13, 2019 with the Clerk of Court using the CM/ECF system, which will send e-filing notices to all counsel of record:

Anthony M. Georges-Pierre, Esq.
agp@rgpattorneys.com
Max L. Horowitz, Esq.
mhorowitz@rgpattorneys.com
REMER & GEORGES-PIERRE, PPLC
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, Florida 33130
T: (305) 416-5000
F: (305) 416-5005
*Counsel for Plaintiff*

                                                  CLARKE SILVERGLATE, P.A.

                                                  By: /s/Shannon P. McKenna
                                                        Shannon P. McKenna